# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY BROWN | CIVIL ACTION |
| VERSUS | NO: 18-4400 |
| AVONDALE INDUSTRIES, INC., F/K/A NORTHROP GRUMAN SHIP SYSTEMS, INC., N/K/A HUNTINGTON INGALLS INCORPORATED, ET AL. | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #8) is **GRANTED** and this matter is **REMANDED** to the Civil District Court, Parish of Orleans, State of Louisiana.

## BACKGROUND

This matter is before the court on a motion to remand filed by plaintiff, Gregory Brown. Brown argues that this matter must be remanded to the Civil District Court, Parish of Orleans, State of Louisiana because this court lacks subject matter jurisdiction.

Brown suffers from lung cancer, which he alleges was caused by occupational exposure to asbestos. Brown alleges that he was exposed to asbestos when he worked as a cleanup man, tacker, and insulator helper at Avondale Shipyard intermittently from 1967 to 1971. Avondale Shipyard was owned and operated by defendant, Avondale Industries, Inc. f/k/a Northrop Grumman Ship Systems, Inc. n/k/a Huntington Ingalls Incorporated ("Avondale"). Brown also alleges that he was exposed to asbestos while employed by Fibrelite Corporation, Oubre & Labat, and Koppers Performance Chemicals, Inc. from 1965 to 1978.

On November 29, 2017, Brown filed this action against Avondale, and several other defendants seeking damages for various causes of action related to his alleged exposure to asbestos. The defendants are categorized as either "Employer/Premises Owner/Executive Officers" or

"Supplier/Manufacturer/Seller/Contractor." Brown alleges a negligence cause of action against Avondale and its executive officers, and strict liability and negligence causes of action against the other defendants in the "Employer/Premises Owner/Executive Officers" category and all of the defendants in "Supplier/Manufacturer/Seller/Contractor" category.

Brown was deposed on March 14 and 15, 2018. He testified about working aboard numerous vessels at Avondale where he was exposed to asbestos. Brown testified that he worked aboard a "big ship," but did not know what type of vessel it was. Brown did not testify specifically that he was exposed to asbestos while working aboard any ships belonging to the United States Navy or the United States Coast Guard.

On April 27, 2018, Avondale removed this case to the United States District Court for the Eastern District of Louisiana pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). Avondale alleges that it was acting under the authority of an officer of the United States because the government required it to use asbestos on its ships. Brown filed a motion to remand arguing that the Federal Officer Removal Statute is not implicated because he does not assert strict liability claims against Avondale for using asbestos. Rather, he alleges that Avondale was negligent for failing to warn its employees of the risks of asbestos exposure and failing to implement safety procedures for handling asbestos, which was not controlled by the government. Brown argues that the applicable precedent of the United States Court of Appeals for the Fifth Circuit dictates that this case must be remanded.

## ANALYSIS

2

"'Federal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited.'" Legendre v. Huntington Ingalls, Inc., 885 F.3d 398, 400 (5th Cir. 2018) (quoting State v. Kleinert, 855 F.3d 305, 311 (5th Cir. 2017)). The defendant has the burden of establishing the existence of federal jurisdiction. Id. (quoting Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5th Cir. 1998)). The Federal Officer Removal Statute provides, in pertinent part:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity for or relating to any act under color of such office...

28 U.S.C. § 1442(a)(1). To remove an action under this statute, the defendant must show: "(1) that it is a person within the meaning of the statute, (2) that it has a colorable federal defense, (3) that it acted pursuant to a federal officer's direction, and (4) that a causal nexus exists between [its] actions under color of federal office and the plaintiff's claims." Legendre, 885 F.3d at 400 (quoting Zeringue v. Crane Co., 846 F.3d 785, 789 (5th Cir. 2017)).

It is undisputed that Avondale is a "person" for the purposes of § 1441(a)(1) See Savoie v. Huntington Ingalls, Inc., 817 F.3d 457, 461 (5th Cir. 2016) (Finding that Avondale is a "person" under the statute because it did government work and stating "the Supreme Court has long recognized that the removal statute also applies to private persons and corporate entities 'who lawfully assist the federal officer in performance of his duty.'"). However, Avondale has not

demonstrated a causal nexus between its actions under color of a federal officer and plaintiff's claims.[1]

A recent case decided by the United States Court of Appeals for the Fifth Circuit, Templet v. Huntington Ingalls, Inc., - - - Fed. Appx. - - -, 2018 WL 2049145 (5th Cir. May 1, 2018), is nearly identical to this case. The plaintiff in Templet suffered from malignant pleural mesothelioma due to asbestos exposure and sued Avondale and others in Louisiana state court. Id. at *1. The plaintiff alleged that Avondale was negligent for failing to warn him of the dangers of asbestos and failing to implement safety procedures for handling asbestos. Id. Avondale removed the case to the United States District Court for the Eastern District of Louisiana under the Federal Officer Removal Statute arguing that it used asbestos under government-mandated contract specifications. Id. The United States Court of Appeals for the Fifth Circuit affirmed the district court's remand order holding that the claims raised by the plaintiff against Avondale of "negligently 'failing to warn, train, and adopt safety procedures regarding asbestos' does not support removal because it is 'private conduct that implicate[s] no federal interest.'" Id. at *1 (quoting Legendre, 885 F.3d at 402). The court reasoned that "allowing removal when the defendants were free to adopt the safety measures at issue, 'would have stretched the casual nexus requirement to the point of irrelevance[.]'" Id. (quoting Legendre, 885 F.3d at 402). In contrast, a claim against Avondale based on strict liability that rests on the mere use of asbestos would have supported removal because it is casually linked to the government's requirement that its ships contain asbestos. Id. (quoting Legendre, 885 F.3d at 401).

---

[1] Because Avondale cannot establish a "causal nexus" under the current precedent of the United States Court of Appeals for the Fifth Circuit, it is unnecessary to discuss whether Avondale has a colorable federal defense and acted pursuant to a federal officer's direction.

In this case, Brown alleges that Avondale was negligent for failing to warn him of the dangers of asbestos and failing to implement safety procedures for handling asbestos. He does not allege strict liability claims against Avondale. The precedent from the United States Court of Appeals for the Fifth Circuit holds that the Federal Officer Removal Statute is inapplicable when the plaintiff alleges negligence claims for failure to warn and implement safety procedures for handling asbestos. See Legendre, 885 F.3d 398; Templet, 2018 WL 2049145.

Avondale argues Legendre and the cases on which it relies are outdated because they rely on the pre-2011 amendment version of §1442(a)(1). When the "causal nexus" test was developed, prior to the 2011 amendment, §1442(a)(1) provided for the removal of a civil action brought against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States of any agency thereof, sued in an official or individual capacity for any act under color of such office . . ." 28 U.S.C. § 1442(a)(1) (2010). The 2011 amendment, which became effective on November 9, 2011, inserted the words "or relating to" before "any act under the color of such office . . ." 28 U.S.C. § 1442(a)(1) (2012). Avondale contends that the addition of the phrase "or relating to" removes the causal requirement and would make Brown's negligence claims against Avondale removable.

In Legendre, 885 F.3d at 404, the United States Court of Appeals recognized that its precedent on § 1442(a)(1) relies on the pre-2011 amendment version of the statute and that "[a] revised approach may have merit" because "[b]y adding 'relating to," Congress preserved a *nexus* requirement, but it is unclear whether the relationship must be *causal*." However, the precedent to which the court refers was decided after the 2011 amendment and continued to apply the causal nexus test to the post-2011 amendment version of § 1442(a)(1). Id. at 403 (citing Bartel v. Alcoa

5

Steamship co., Inc., 805 F.3d 169 (5th Cir. 2015)). Thus, the court held that pursuant to the "rule of orderliness, under which a panel may not overturn a controlling precedent absent an intervening change in law, such as by a statutory amendment, or the Supreme Court, or our en banc court," its precedent controlled, and "Avondale must show a casual connection between the federal officer's direction and the conduct challenged by the" plaintiff. Id. at 403-04.

This court must also follow the precedent of the United States Court of Appeals for the Fifth Circuit and find that Avondale must meet the causal nexus test, which it has failed to do. Therefore, Brown's motion to remand is GRANTED, and this case is REMANDED to the Civil District Court, Parish of Orleans, State of Louisiana.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #8) is **GRANTED** and this matter is **REMANDED** to the Civil District Court, Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this  11th  day of June, 2018.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**